UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY FREDRICK BRYANT, JR.
#618035,

          Plaintiff,                               Hon. Robert J. Jonker

v.                                            Case No. 1:26-cv-01277

UNKNOWN MIDDLETON, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 20, 2026.   (ECF No. 1).   Because Plaintiff has been permitted to proceed as a pauper (ECF No. 7), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

## BACKGROUND

Plaintiff initiated this action against Judge Middleton of the 3B District Court in St. Joseph County and the 3B District Court.   (ECF No. 1, PageID.2).   Plaintiff alleges the following in his complaint.   On July 11, 2025, Plaintiff had a court date at the 3B District Court before a Judge Patterson, who "was so busy" that he had Judge Middleton take "a dozen or so people into another courtroom," including Plaintiff, to conduct proceedings.   (ECF No. 1, PageID.3).   Plaintiff appeared before Judge Middleton that

day, but on July 30, 2025, Plaintiff was arrested on a warrant signed by Judge Middleton and jailed for failing to appear for his July 11 court date.  (*Id.*).  Approximately "34 hours later," Plaintiff appeared before Judge Patterson, who apologized and ordered Plaintiff's release upon reviewing courtroom camera footage.  (*Id.*).  Plaintiff seeks monetary damages, alleging that Judge Middleton's mistake "caus[ed] a series of events[,] which got [Plaintiff] into prison, caused [his] eviction, [his] break up, and relapsing."  (ECF No. 1, PageID.4).

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice . . . .   Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

Plaintiff cannot bring suit against Judge Middleton because he is entitled to absolute judicial immunity in this matter.   *See Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016).   "[A] judge is immune from a suit for money damages."   *Id.* (citing *Mireles v. Waco,* 502 U.S. 9, 9 (1991)).   "There are only two sets of circumstances in which judicial immunity does not attach to a judge's acts: (1) if the judge's actions were non-judicial; or (2) if the judge performed the actions 'in the complete absence of all jurisdiction.' "   *Id.* (citing *Mireles*, 502 U.S. at 11-12).   "An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity."   *King v. Love,* 766 F.2d 962, 965 (6th Cir. 1985).   Judges are entitled to absolute judicial immunity when issuing an arrest warrant because that is a judicial function.   *See Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997) ("[T]he judicial nature of the act of issuing an arrest warrant cannot seriously be challenged."). Judge Middleton's actions are therefore judicial acts entitled to absolute judicial immunity from claims for money damages.

To the extent Plaintiff asserts claims against the 3B District Court, these claims also fail.  "A court is . . . a place in which justice is judicially administered."  *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973) (quoting *Todd v. United States*, 158 U.S. 278, 284 (1895)).  It "is not sui juris," so "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right."  *Id.*  Because Plaintiff failed to cite any statute allowing him to sue the 3B District Court, the undersigned's recommendation to dismiss the claims against the court are proper.  *See Cooper v. Rapp*, 702 F. App'x 328, 334-35 (6th Cir. 2017).  Plaintiff's claims against the 3B District Court are also subject to dismissal because Michigan state courts are entitled to sovereign immunity.  *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 763 (6th Cir. 2010).  Accordingly, the undersigned recommends dismissal of Plaintiff's complaint.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed and that this action be terminated.  (ECF No. 1).  For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to

appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 24, 2026                                   /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge